Johnson, J.
1. The act of 1791 provides, “that no district sheriff shall sell any property, in any private or retired part of his district; but he shall sell the same, on the first Monday (and if the sales commenced on that day, cannot be concluded on the same, they may be finished on the day following at the same hours) in each month, between the hours of eleven and three, in Charleston district, and eleven and five in other districts, at such places in each and every district, as the Judges of the Court of common pleas shall appoint.” The evidence is very abundant, that there was no want of time to prevent the sale of the defendant’s land on Monday. The sheriff could have sold on Monday, conveniently enough, if he had thought proper to do so, and the question made in the first ground of the motion, is whether the sale is void, on account of having been made on Tuesday.
On this point we concur entirely with Mr. Justice Martin. The leading object of prescribing a time and place for sheriffs’ sales, was, to secure the greatest price for the property sold, by giving notice to those desirous of purchasing; and the possibility, that with the greatest possible industry the sheriff would not be able to make all his sales in one day, naturally suggested the idea of adding another, not that it might be physically impossible to make all the sales in one day, but that a thousand other causes might operate, to prevent, or render it inexpedient. And the knowledge that the sheriff may sell also on Tuesday, is equally calculated to secure the attendance of purchasers. To tie down the authority to sell according to the rigid rule contended for in support of the motion, might *308 operate beneficially in a particular ease, but the chan» ces are exactly equal, whether it would not operate injuriously. On the other hand, there is not one cir» cumstance better calculated to secure a fair price at public sales, than the certainty which the purchaser feels in being quieted and protected in his purchase— No one would willingly pay a fair price for property,. With the knowledge that he might be dispossessed of it, on account of an irregularity arising out of the neglect or wilfulness of the sheriff, of which he might be wholly ignorant, and concerning which, he could have no means of informing himself; and the casp of Turner and M’JEtae, was decided on this principle. 2. There can of course be no technical mode of dcscribinga tract of land — all that is practicable or desirable, is that it should be known by the description. In Cruickshanks v. Frean. 3. M‘Cord 84, it is said that a description to a common intent is sufficient; and so, if it is described as it is generally known and understood. In Grimke v. Brandon, 1. Nott and M'Cord 364-5, the original grant included lands on both sides of a navigable river. In process of time, the proprietor sold to another, all that lay on one side of the river, and the plaintiff afterwards purchased both, and it was held that although they had been severed, in him they were identified, and constituted one tract, so that his pedispossessio in the South side, operated as an actual possession on the North side of the river; so that the whole might have been well described as one tract. And I recollect another case, in which, a devise of the homestead or “tract of land on which I live,” was held to carry another tract, separated from it by a considerable space. The homestead was swamp land, and principally cleared and cultivated; the other was wood land used with it for timber and fuel—Wilson ads. Robertson, Harpers Ch. Rep. 66.
These cases are an answer to the objection that the land is described in the levy and advertisement, as an entire tract on which the defendant lived. If it had been described as a tract of land, apart of which the defendant had inherited from his father, a part of *309 ■Which he hail purchased of his mother, and a part from Broughton, which is according to the truth of the fact, it would have been unintelligible, except to the few who might probably know the" history of his title, But when described as the tract of land on which he lived, his residence, his cultivated fields, and the limits within which he exercised acts of ownership, would give a general view of the locality.
. There is another view of this question. It is unreasonable to expect, that the sheriff’can give a minute description of the land on which he levies; a general description is all that can be expected. He has no authority to make a survey, and if he had, he has nothing to point out the boundary. If it b¿ an evil calculated to injure the defendant in execution, the remedy is in his own hands. It is in his power to furnish the sheriff with a description, as minute as may be desirable. He may attend the sale, and give to the bidder every information that may be necessary to enable him to make a fair estimate of its value; and if he whose interest it is to make this known, neglects to do it, he must take the consequences of a sale under a general description, which is the most that can he expected of the sheriff.
Motion dismissed.
O’Neall & Harper Js. concurred.